IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC., § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:22-cv-00101 |
| § | |
| ANDREW D. KNOWLES, BEVIN L. KNOWLES, § § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Select Portfolio Servicing, Inc. ("SPS" or "Plaintiff"), files this *Original Complaint* against Andrew D. Knowles and Bevin L. Knowles ("Defendants"), and shows:

### I.  PARTIES

1. SPS is the Plaintiff in this lawsuit who is appearing through the undersigned counsel.

2. Ernie Dale Knowles ("Decedent") was an obligor under the Loan Agreement described below. Decedent passed away on February 4, 2020. Upon information and belief, no probate is open for Decedent in the county where the Property described below is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate. Upon information and belief, Decedent died intestate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property described below, immediately upon his death. Each Heir is made a party in this proceeding.

4. Defendant Andrew D. Knowles, upon information and belief, is an heir and son of the Decedent and is an individual and citizen of the state of Arizona. Andrew D. Knowles may be served with process at 502 E. Orchid Lane, Phoenix, AZ 85020, or at such other place as he may be found. Summons is requested.

5. Defendant Bevin L. Knowles, upon information and belief, is an heir and daughter of the Decedent and is an individual and citizen of the state of Texas. Bevin L. Knowles may be served with process at 806 Bandera Lane, Garland, Texas 75040, or at such other place as she may be found. Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

7. SPS is a corporation organized under the laws of the State of Utah and with its principal place of business in Utah. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of Utah for diversity purposes.

8. Defendants are residents and citizens of the State of Texas and the State of Arizona.

9. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks a declaration judgment to establish a statutory probate lien and to foreclosure on the Property. Because the Property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of

the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Dallas County Appraisal District values the Property at $181,600.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

12. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Dallas County, Texas.

## III. FACTS

13. On or about June 24, 2008, for value received Decedent executed that certain Loan Agreement and Disclosure Statement (the "Note") in the original principal sum of $74,400.80, originally payable to American General Financial Services, Inc. ("American"), bearing interest at the rate of 9.22% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

14. Concurrently with the Note, Decedent executed that certain Deed of Trust ("Security Instrument", and together with the Note, "Loan Agreement") as grantor, granting a security interest to American in certain real property and improvements located in Dallas County, Texas, commonly known as 806 Bandera Lane, Garland, Texas 75040, and being further described as follows:

> BEING LOT 32, IN BLOCK F, NORTHWOOD ESTATES, SECOND INSTALLMENT, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 26, PAGE 235, MAP RECORDS, DALLAS COUNTY, TEXAS.

(The "Property"). The Security Instrument was recorded in the official records of Dallas County, Texas on July 11, 2008, under Instrument No. 20080228106. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

15. On or about September 3, 2021, a *Corporate Assignment of Deed of Trust* was recorded in the Real Property Records of Dallas County, as Instrument No. 202100264460, assigning the Loan Agreement from American to OneMain Financial Group, LLC ("One Main"). A true and correct copy of the Assignment is attached as **Exhibit C.**

16. One Main is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code. SPS is

the current servicer of the Loan Agreement on behalf of One Main; thus, Plaintiff is a mortgagee as that term is defined in section 51.0001(4).

17. Under the terms of the Note and Security Instrument, Decedent was required to pay, when due, the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

18. The Note and Security Instrument further provide that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

19. Borrower passed away on February 4, 2020. No probate is open for Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

20. Decedent failed to make payments on the Note and failed to comply with any and all of the covenants and conditions of the Security Instrument. The Loan Agreement is due for the February 1, 2020, monthly payment, and all subsequent payments.

21. On May 14, 2021, a Demand Letter-Notice of Default was mailed to Decedent by certified mail to the Property address. A true and correct copy of the notice is attached hereto as **Exhibit D**. The default was not cured, and the maturity if the debt is hereby accelerated by the filing of this lawsuit.

22. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the

Property. Plaintiff brings this suit for foreclosure and for declaratory relief so that it may enforce its security interest in the Property.

## IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that One Main it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, Plaintiff as the current servicer of the Loan Agreement on behalf of One Main, it is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## V. CAUSE OF ACTION – STATUTORY PROBATE LIEN

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

27. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## V. NON-JUDICIAL FORECLOSURE

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to all Defendants who acquired the Property subject to Decedent's debts.

## VI. PUBLIC AUCTION

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

## VII.  JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Dallas County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## VIII.  TRESPASS TO TRY TITLE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure— Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their rights, title and interest in the Property and that all of Defendants' rights, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants is derived from a common source.

## IX. WRIT OF POSSESSION

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

## X. ATTORNEY FEES

39. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing, that the Defendants be cited to appear and answer, and that the Court enter judgment granting:

a. a declaration from this Court that, One Main is the legal owner of the Note, the beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0025 (1) and (2), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e. attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

f. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    State Bar No. PR20818
    vlopez@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, PC**
    14160 North Dallas Parkway, Ste. 900
    Dallas, TX 75254 Telephone: (214) 635-2650
    Facsimile: (214) 635-2686

    **ATTORNEYS FOR PLAINTIFF**