# EXHIBIT A

**LOAN AGREEMENT AND DISCLOSURE STATEMENT**

AMERICAN
GENERAL
FINANCIAL SERVICES

08-000286

| DATE   06/24/08 | ACCOUNT NUMBER ▮▮▮ | TYPE OF LOAN (Alpha) MOO |
|---|---|---|
| **LENDER/SECURED PARTY NAME AND ADDRESS ("Lender")** |  | **LENDER'S TELEPHONE NUMBER** 972-613-8457 |

**LENDER/SECURED PARTY NAME AND ADDRESS ("Lender")**

AMERICAN GENERAL FINANCIAL SERVICES, INC
1350 NORTH WEST HWY STE 119
GARLAND, TX 75041-5844

**BORROWER(S) NAME AND ADDRESS ("I","We")**

ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040

I will read this entire Loan Agreement and Disclosure Statement ("Agreement") and all related documents carefully. If I have any questions, I will ask them before I sign any of these documents. By signing, I am indicating my agreement to the statements, promises, terms, and conditions contained in the documents I sign.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 9.22 % | $   145440.40 | $   74400.80 | $   219841.20 |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 360 | $ 610.67 | monthly beginning 07/30/08 |

LATE CHARGE: [X] If any payment is not paid in full within __10__ days after its due date, I will be charged __5.00__ % of the _entire_ amount of the payment, but not more than $ _N/A_ or less than $ _N/A_ .

[ ] If any payment is not paid in full within _____ days after its due date, I will be charged $ _____ if the entire scheduled payment exceeds $ _____ or $ _____ if the entire scheduled payment is $ _____ or less.

PREPAYMENT: If I pay off early:

    [ ] I may  [X] I will not  have to pay a penalty or minimum charge.

    [X] I may  [ ] I will not  get a refund or credit of part of the finance charge.

SECURITY: I am giving Lender a security interest in:

    [X] Real estate located at: 806 BANDERA
                           GARLAND, TX 75040

[ ] Motor Vehicles

| Year | Make | Model | Vehicle Identification No. |
|---|---|---|---|
| | | | |

[ ] Other Assets

| Other Assets Description |
|---|
| |

[ ] Household items described on the Personal Property Appraisal Form, which I have signed and which has been delivered to me with this Agreement.

ASSUMPTION: Someone buying my home, if it secures this loan, may not assume the remainder of this loan on the original terms unless approved by Lender.

[ ] My loan contains a variable-rate feature. Disclosures about the variable-rate feature have been provided to me earlier.

See the remainder of this Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties, if any.

## THIS AGREEMENT IS SUBJECT TO THE FEDERAL ARBITRATION ACT.

By signing below, I acknowledge receipt of a copy of this Federal Disclosure Statement.

_____
Borrower

_____
Co-Borrower

## SEE REVERSE SIDE FOR ADDITIONAL DISCLOSURES

ITEMIZATION OF AMOUNT FINANCED

Amounts paid to others on my behalf

| | | | |
|---|---|---|---|
| 1. $ NONE | | | PAID TO |
| 2. $ NONE | | | PAID TO |
| 3. $ NONE | | | PAID TO |
| 4. $ NONE | | | PAID TO |
| 5. $ NONE | | | PAID TO |
| 6. $ | 801.80 | Title Examination Fee | PAID TO FISERV |
| 7. $ NONE | | | PAID TO |
| 8. $ | 375.00 | Appraisal Fee | PAID TO BISKAMP & ASSOCIATES |
| 9. $ NONE | | | PAID TO |
| 10. $ NONE | | | PAID TO |
| 11. $ NONE | | | PAID TO |
| 12. $ NONE | | | PAID TO |
| 13. $ NONE | | | PAID TO |
| 14. $ | 170.00 | Document Preparation Fee | PAID TO STEVEN MCGILVRA |
| 15. $ NONE | | | PAID TO |
| 16. $ | 54.00 | Recording/Releasing Fees RE | PAID TO GOVERNMENT AGENCY |
| 17. $ NONE | | | PAID TO |
| 18. $ NONE | | | PAID TO |
| 19. $ NONE | | | PAID TO |
| 20. $ NONE | | | PAID TO |
| 21. $ | 971.19 | | PAID TO ERNIE D. KNOWLES AND AGFS |
| 22. $ | | | PAID TO |
| 23. $ | | | PAID TO |
| 24. $ | | | PAID TO |
| 25. $ | | | PAID TO |
| 26. $ | | | PAID TO |
| 27. $ | | | PAID TO |
| 28. $ | | | PAID TO |
| 29. $ | | | PAID TO |
| 30. $ | | | PAID TO |
| 31. $ | | | PAID TO |
| 32. $ | | | PAID TO |
| 33. $ | | | PAID TO |
| 34. $ | | | PAID TO |
| 35. $ | | | PAID TO |
| 36. $ | | | PAID TO |
| 37. $ | | | PAID TO |
| 38. $ | | | PAID TO |
| 39. $ | | | PAID TO |
| 40. $ | | | PAID TO |
| 41. $ | | | PAID TO |
| 42. $ | | | PAID TO |
| 43. $ | | | PAID TO |
| 44. $ | | | PAID TO |
| 45. $ | | | PAID TO |

Amount Paid on Prior Account with Lender

| | | |
|---|---|---|
| 46. $ | 66108.09 | |

Amounts Paid to me

| | | | |
|---|---|---|---|
| 47. $ | 5920.72 | | PAID TO ERNIE D. KNOWLES |
| 48. $ | | | PAID TO |
| 49. $ | | | PAID TO |
| 50. $ | | | PAID TO |
| 51. $ | | | PAID TO |
| 52. $ | | | PAID TO |
| 53. $ | | | PAID TO |
| 54. $ | | | PAID TO |
| 55. $ | | | PAID TO |
| 56. $ | | | PAID TO |

| | | |
|---|---|---|
| $ | 74400.80 | Amount Financed (Sum of lines 1 - 56) |
| $ | 3650.00 | Prepaid Finance Charges (itemized below) |

## PREPAID FINANCE CHARGES

| | | | |
|---|---|---|---|
| 1. $ | 3650.00 Points | | PAID TO LENDER |
| 2. $ NONE | | | PAID TO |
| 3. $ NONE | | | PAID TO |
| 4. $ NONE | | | PAID TO |
| 5. $ NONE | | | PAID TO |
| 6. $ NONE | | | PAID TO |
| 7. $ NONE | | | PAID TO |
| 8. $ NONE | | | PAID TO |
| 9. $ NONE | | | PAID TO |
| 10. $ NONE | | | PAID TO |
| 11. $ NONE | | | PAID TO |
| 12. $ NONE | | | PAID TO |
| 13. $ NONE | | | PAID TO |
| 14. $ NONE | | | PAID TO |
| 15. $ NONE | | | PAID TO |

**SEE NEXT PAGE FOR IMPORTANT INFORMATION**

**DESCRIPTION OF ARBITRATION.** Arbitration is a method of resolving claims and disputes between parties without having to file a lawsuit in court. It is a process in which both sides present their case to a neutral third person—the arbitrator—instead of a judge or jury, to resolve the dispute. **TO THE FULLEST EXTENT PERMITTED BY LAW, BY SIGNING THIS AGREEMENT, BOTH LENDER AND I ARE VOLUNTARILY WAIVING ANY RIGHT TO A JURY TRIAL OR JUDGE TRIAL OF ALL CLAIMS AND DISPUTES COVERED BY THIS ARBITRATION AGREEMENT ("this Arbitration Agreement").**

**CLAIMS AND DISPUTES COVERED.** Except for those claims mentioned below under the heading "MATTERS NOT COVERED BY ARBITRATION", Lender and I agree that either party may elect to resolve by BINDING ARBITRATION all claims and disputes between us ("Covered Claims"). This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:

> My loan from Lender today; any previous loan from Lender and any previous retail credit agreement ("Retail Contract") whether open or closed-end, assigned to Lender; all documents, promotions, advertising, actions, or omissions relating to this or any previous loan or Retail Contract made by or assigned to Lender; any insurance product, service contract, or warranty purchased in connection with this or any previous loan or Retail Contract made by or assigned to Lender; any product or service offered to Lender's customers with any assistance or involvement by Lender; whether the claim or dispute must be arbitrated; the validity and enforceability of this Arbitration Agreement and the Agreement, my understanding of them, or any defenses as to the validity and enforceability of the Agreement and this Arbitration Agreement; any negotiations between Lender and me; the closing, servicing, collecting, or enforcement of any transaction covered by this Agreement; any allegation of fraud or misrepresentation; any claim based on or arising under any federal, state, or local law, statute, regulation, ordinance, or rule; any claim based on state or federal property laws; any claim based on the improper disclosure of any information protected under state or federal consumer privacy laws; any claim or dispute based on any alleged tort (wrong), including intentional torts; and any claim for injunctive, declaratory, or equitable relief.

**COVERED CLAIMS AGAINST THIRD PARTIES.** This Arbitration Agreement also covers any claim or dispute between me and any of Lender's employees, officers, agents, or directors; any of its affiliate corporations; any entities which provided insurance in connection with this or any previous transactions between me and Lender, any third parties that assigned Retail Contracts or other agreements to Lender; and any of the employees, officers, agents, or directors of such affiliates or third parties. Affiliate corporations are Lender's parent corporations, subsidiary corporations, and sister corporations. Some of Lender's affiliates are American General Finance Corporation, American General Financial Services, Inc., Merit Life Insurance Co., and Yosemite Insurance Company. In addition, if Lender becomes a party in any lawsuit that I have with any third party, whether through intervention by Lender or by motion made by me or any third party, all claims in that lawsuit between me and the third party will be subject to binding arbitration under this Agreement, provided that the third party is required to agree to resolve such claims by arbitration.

**MATTERS NOT COVERED BY ARBITRATION.** I agree that Lender does not have to initiate arbitration before exercising lawful self-help remedies or judicial remedies of garnishment, repossession, replevin, or foreclosure, but instead may proceed in court for those judicial remedies (an "Excluded Collateral Lawsuit"). I may assert in court any defenses I may have to Lender's claims in such a lawsuit, but any claim or counter claim for rescission or damages I may have arising out of, relating to, or in connection with Lender's exercise of those remedies must be arbitrated. Instead of pursuing arbitration, either Lender or I also have the option to bring a lawsuit in court to seek to recover an amount which does not exceed the total sum of $5,000.00 (including costs and attorneys' fees), provided that no relief other than such recovery is requested in such lawsuit (an "Excluded Damages Lawsuit"). If an Excluded Damages Lawsuit is filed, the other party cannot require that the claims in that lawsuit be arbitrated. An Excluded Damages Lawsuit can be brought to recover money for myself or Lender only, not for any class or group of persons having similar claims. If such an Excluded Damages Lawsuit is filed by me or Lender, and any party to that lawsuit files an amendment, counterclaim, cross-claim, or third-party claim seeking to recover more than $5,000, then that claim, counterclaim, cross-claim, or third party claim must be arbitrated in accordance with the procedures set forth in this Arbitration Agreement. Neither I nor Lender shall be deemed to have waived any arbitration rights by the fact of having exercised any self-help or judicial remedies of garnishment, repossession, replevin, or foreclosure or by having filed any claims in court seeking to recover a total sum of $5,000.00 or less.

**ARBITRATION RULES AND PROCEDURES.**

**A.    ARBITRATION FORUM AND RULES.** The arbitration will be conducted under the rules and procedures of the National Arbitration Forum ("NAF") that are in effect at the time arbitration is started and under the rules set forth in this Arbitration Agreement. At my request, Lender will provide me a copy of the NAF Rules. If I lose my copy, Lender will give me one another one if I ask for it. I may also obtain a copy of those rules by calling NAF at 1-800-474-2371 or by reviewing NAF's web-site at www.arb-forum.com. In the event that NAF is either unable, unwilling, or deemed not appropriate by a court to resolve a Covered Claim, or I object to the NAF for good cause, then Lender and I agree to submit all disputes to the American Arbitration Association ("AAA") for proceedings conducted pursuant to the AAA's Commercial Rules and Expedited Procedures. If there is a conflict between the rules of the NAF (or the AAA) and this Arbitration Agreement, this Arbitration Agreement will govern.

**B.    SELECTION OF ARBITRATOR.** NAF maintains lists of approved arbitrators. NAF will provide Lender and me each a list of seven (7) possible arbitrators. Lender and I will each have an opportunity to strike three (3) persons from that list. I will make the first strike, and Lender and I will alternate in making strikes after that. After the last strike, the remaining person shall then serve as arbitrator.

**C.    STARTING ARBITRATION.** Before I start arbitration, I agree to write to Lender at the address shown for Lender in this Agreement, unless I have received notice of a new address for Lender, and I agree to give Lender a reasonable opportunity to respond and resolve any errors. In my letter, I will give the following information: my name and account number, a description of my claim or dispute and why I believe Lender has made an error, the dollar amount of my claim or dispute, and a description of any other information I need from Lender. Before Lender starts an arbitration, it must write to me at my billing address; describe its claim or dispute; state the dollar amount of its claim or dispute; and give me a reasonable opportunity to resolve the claim or dispute. If a Covered Claim cannot be resolved in the foregoing manner, either Lender or I can start arbitration. Except as described in Paragraph E below, nothing in this Arbitration Agreement shall limit the arbitrator's ability to enforce any of my rights or impose any remedies available to me under any applicable consumer protection laws or regulations. To start an arbitration, Lender and I agree to follow the rules of the NAF (or, if applicable, the rules of the AAA).

**D.    COSTS OF ARBITRATION.** The NAF and AAA charge certain fees in connection with arbitration proceedings they conduct. I may have to bear some of these fees; however, if I am not able to pay such fees or think they are too high, Lender will consider any reasonable request to bear the cost. Lender will also bear any costs Lender is required to bear by law or the terms of any other agreement with me. Each party will also pay for its own costs, including fees for attorneys, experts, and witnesses, unless otherwise provided by law or by the terms of any other agreement between the parties, to the extent permitted by applicable law.

**E.    CONDUCT OF PROCEEDINGS.** In conducting the arbitration proceedings, the arbitrator shall be bound by the Federal Rules of Evidence; however, the federal or any state rules of procedure or discovery shall not bind the arbitrator. The arbitrator's findings, reasoning, decision, and award shall be set forth in writing and shall be based upon and be consistent with the law of the jurisdiction that applies to the loan or other agreement between Lender and me. The arbitrator must abide by all applicable laws protecting the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.

**SEE REVERSE SIDE FOR ADDITIONAL ARBITRATION TERMS**

**F. ENFORCEMENT AND APPEAL OF DECISION.** The decision and judgment of the arbitrator shall be final, binding, and enforceable in any court having jurisdiction over the parties and the dispute; however, for Covered Claims involving more than $100,000, any party may appeal the award, at its own cost, except as provided by law, to a three-arbitrator panel appointed by the NAF or AAA, as the case may be. That panel will reconsider from the start any aspect of the initial award that either party asserts was incorrectly decided. The decision of the panel shall be by majority vote and shall be final and binding, except as provided below. The arbitrator's (or panel's) findings, decision, and award shall be subject to judicial review on the grounds set forth in 9 U.S.C. § 10, as well as on the grounds that the findings, decision, and award are manifestly inconsistent with the terms of this Arbitration Agreement and any applicable laws or rules.

**G. LIMITATION OF PROCEEDINGS.** Lender and I further agree that the arbitrator will be restricted to resolving only the claims, disputes, or controversies between Lender and me and the other parties covered by this particular Agreement (and not by similar agreements). Arbitration is not available and shall not be conducted on a class-wide basis or consolidated with other claims or demands of other persons. I agree not to participate in a representative capacity or as a member of any class of claimants pertaining to any Covered Claim.

**H. LIMITATION OF ARBITRATOR'S AUTHORITY.** The arbitrator may award punitive damages only under circumstances where a court of competent jurisdiction could award such damages. In awarding any punitive damages, the arbitrator must abide by all applicable state and federal laws regarding the amount of such damages, and the arbitrator must state the precise amount of the punitive damages award. The arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is conducted. The arbitrator may award injunctive relief that would benefit either Lender or me in connection with resolving a Covered Claim between Lender and me, but the arbitrator may not award injunctive relief for the benefit of other persons or groups of persons who are not named parties to the arbitration proceeding.

**I. LOCATION OF THE ARBITRATION.** The arbitration will take place in the county where I live unless Lender and I agree to another location. If Lender and I agree, all or a portion of the arbitration proceedings can be conducted by telephone conference.

**J. ENFORCEMENT IN COURT.** Nothing in this Arbitration Agreement shall prevent either Lender or me from enforcing all rights under this Arbitration Agreement if a Covered Claim is filed in court.

**K. FORUM SELECTION CLAUSE.** If either Lender or I need to file a lawsuit to enforce this Arbitration Agreement or to pursue claims that either may or may not be arbitratable under this Arbitration Agreement, the exclusive venue for that suit will be a state court located in the county where Lender's office is located or where I sign this Agreement, or in the federal court covering that county, unless the governing law requires suit to be filed in another location. Nothing in this paragraph shall prevent either Lender or me from enforcing its or my rights under this Arbitration Agreement if the Covered Claim is filed in court.

**ADDITIONAL INFORMATION.** I may obtain additional information about arbitration by contacting the National Arbitration Forum, Inc., at P.O. Box 50191, Minneapolis, Minnesota 55405. (800-474-2371 (Telephone)). (651-631-0802 (Fax)). www.arb-forum.com (e-mail).

**OTHER IMPORTANT AGREEMENTS.** Lender and I agree:

(a) This Arbitration Agreement does not affect any statute of limitations or claims of privilege recognized at law.

(b) The loan and insurance transactions between Lender and me and other applicable parties are transactions involving interstate commerce, using funds and other resources from outside the state.

(c) The Federal Arbitration Act applies to and governs this Agreement. State arbitration laws and procedures shall not apply to this Agreement.

(d) This Agreement applies to and runs to the benefit of Lender's and my assigns, successors, executors, heirs, and/or representatives.

(e) If any term of this Arbitration Agreement is unenforceable, the remaining terms are severable and enforceable to the fullest extent permitted by law.

(f) This Arbitration Agreement supersedes any prior arbitration agreement that may exist between Lender and me and can only be modified in writing signed by the parties.

(g) This Arbitration Agreement applies even if my loan has been cancelled, changed, modified, refinanced, paid in full, charged off, or discharged or modified in bankruptcy.

**I AGREE TO READ THIS ARBITRATION AGREEMENT CAREFULLY, BECAUSE IT LIMITS CERTAIN OF MY RIGHTS, TO THE EXTENT PERMITTED BY LAW, INCLUDING MY RIGHTS TO BRING A COURT ACTION, TO HAVE A TRIAL BY JURY, AND TO PARTICIPATE IN A CLASS ACTION OR CLASS ARBITRATION. BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THIS ARBITRATION AGREEMENT AND AGREE TO BE BOUND BY ALL OF ITS TERMS.**

**SEE FOLLOWING PAGE FOR ADDITIONAL INFORMATION**

**DATE OF LOAN.** 06/30/08 (the date ● Finance Charge is scheduled to begin to acc● ●● to terms of ●●●●●● ●●●●●● and ●● per annum. If the agreement has an Adjustable Rate Loan box is checked below, this rate is subject to change as set forth therein.

**PROMISE TO PAY.** For value received, I promise to pay to the order of the Lender all amounts due under this Agreement in accordance with the Payment Schedule set forth in the Truth in Lending Disclosure on page 1 of this Agreement, and with all other terms of this Agreement. If the "Adjustable Rate Loan" box is checked below, the payment amounts set forth in the Payment Schedule may change as set forth in this Agreement.

☐ **ADJUSTABLE RATE LOAN.** If this box is checked, I agree that the agreed interest rate I will pay may change on the Due Date of my _____ payment and on that same date every _____ thereafter ("the Change Date"). If there is no corresponding date in any given month, the Change Date will be the last day of the month. (For example, if my rate can change quarterly and my Change Date is January 31, my next Change Date will be April 30.) My interest rate will be based on an index plus a margin. The index is the highest Prime Rate published in The Wall Street Journal's "Money Rates" table. If this index should no longer be available, Lender will choose a comparable replacement index and will inform me of the new index. The Contract Rate and the monthly payment amounts may change as set forth herein.

Prior to each Change Date, Lender will calculate the new agreed interest rate by taking the index as of 60 days prior to the Change Date and adding a margin of _____ percentage points. Lender will round the resulting figure down to the next lowest one-hundredth of one percent. Lender will then determine the new monthly payment amount necessary to repay my loan in full on the due date for the final payment.

My interest rate will never increase or decrease on any single Change Date by more than _____ percentage points from the agreed rate of interest in effect immediately preceding the Change Date. Any rate change not implemented as a result of this limitation may be carried over to the next Change Date. My interest rate will never increase by more than eight percentage points (for first mortgage loans) or ten percentage points (for subordinate mortgage loans) over the initial Prime Rate, and in no event will ever be greater than _____%, and will never be less than _____%.

The new agreed interest rate will be effective as of the Change Date. The new monthly payment will be effective as of the next regularly scheduled due date subsequent to the Change Date. Lender will send me notice of all rate and payment changes as required by law.

**SECURITY AGREEMENT.** If any type of personal property (property other than real estate ("real property")) is disclosed in the "Security" section of the Truth in Lending Disclosures, to secure all amounts due or which become due under this Agreement and my performance of all other terms of this Agreement, I grant Lender a security interest under the Uniform Commercial Code or other applicable law in: (1) the property identified in the "Security" disclosure of the Truth in Lending Disclosures on page 1 of this Agreement; (2) any substitutions or replacements of that property; and (3) the proceeds and products of that property (collectively referred to as the "Collateral"). I also grant Lender a security interest in any unearned premiums from any insurance I have elected and purchased through Lender in connection with this transaction which protects the loan account or Collateral (including, but not limited to, voluntary credit and personal property insurance). Lender's security interest shall remain in effect until I have paid in full all amounts due under this Agreement and subject to any modifications, renewals, extensions, and future advances thereof. Notwithstanding any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. I authorize Lender to sign and file financing statements covering the Collateral without my signature. I authorize Lender to file a copy of this Agreement as a financing statement when appropriate. If real property is disclosed in the "Security" section of the Truth in Lending Disclosures, I am signing a mortgage or deed of trust covering the real property at the same time that I am signing this Agreement.

**JOINT BORROWERS.** If more than one Borrower is named above, all Borrowers agree that they are jointly and severally liable and that Lender may enforce this Agreement against all or any of them, but not in a combined amount exceeding the amount due.

**CO-MAKERS (also referred to as CO-SIGNER(S)).** If I am signing this Agreement as a Co-Maker, I understand that I am equally responsible with the Borrower(s). I agree that Lender may pursue me or any Maker if this Agreement is in default. Unless required by law, Lender will not notify me if: (a) this loan is in default; (b) Lender agrees to accept different payment terms; (c) Lender releases any security interest; or (d) Lender releases any Borrower(s) or Maker(s).

**CREDIT INFORMATION.** I authorize Lender to investigate my creditworthiness, including to obtain my credit report at anytime, as permitted by law.

**REQUIRED PROPERTY INSURANCE.** I agree to insure any automobiles, all terrain vehicles, snowmobiles, watercraft, other titled vehicles, large equipment, and dwellings and other structures attached to real property ("Property"), in which I have granted Lender an interest to secure my loan, against all risks of physical damage, including loss by fire and other hazards, for the term of the loan, in amounts and with deductibles approved by Lender ("Required Insurance"). Required Insurance must: (1) be issued by an insurer and have terms and conditions satisfactory to Lender; (2) name Lender as loss payee or mortgagee; (3) not permit the addition of any other loss payee or mortgagee to the insurance policy unless Lender consents in writing; (4) provide that such insurance will not be canceled or modified without at least 15 days prior written notice to the loss payee or mortgagee; and (5) not include any disclaimer of the insurer's liability for failure to give such notice. I may purchase Required Insurance from whomever is acceptable to Lender or provide existing coverage through any insurance company or agent of my choice that is acceptable to Lender. I agree to keep sell Required Insurance. I agree to provide to Lender satisfactory proof of Required Insurance. I agree to keep Required Insurance in force until all amounts I owe Lender under this Agreement are paid in full. In the event of damage to or loss of the Property, I agree to give prompt notice to Lender and the insurance carrier. If I fail to promptly notify or make proof of loss to the insurance carrier, Lender may, but is not required to, do so on my behalf. I agree Lender may use any insurance proceeds to reduce any amounts I owe under this Agreement. To the extent permitted by law, I authorize Lender to adjust my losses and sign my name to any check, draft, or other papers necessary to obtain such insurance payments. If insurance proceeds paid to Lender do not pay off all amounts I owe Lender under this Agreement, I remain responsible for payment of the balance of any amounts due under this Agreement.

**LENDER PLACED INSURANCE.** If at any time I fail to buy or keep in force Required Insurance, Lender may, but is not required to, purchase Required Insurance at my expense to protect Lender's interest in the Property. I agree that Required Insurance may, but to the extent permitted by law, need not, protect my interests. The coverage purchased by Lender may not pay any claim I make. I agree that the cost of Required Insurance purchased by Lender may be much more than the cost of Required Insurance I could have obtained on my own, and I agree that the cost of such Required Insurance may, to the extent permitted by law, be added to my loan balance and accrue interest at the Contract Rate. I authorize Lender to release to third parties any information necessary to monitor the status of Required Insurance on my Property and to purchase Required Insurance required by this Agreement.

**VOLUNTARY CREDIT INSURANCE.** Lender's affiliate may provide the credit insurance that I voluntarily select. Lender and/or its affiliates expect to profit from my purchase of voluntary credit and personal property insurance and I consent to this. The terms "credit insurance" and "credit life insurance" include debtor group life insurance, where offered.

**ASSIGNMENT OF UNEARNED INSURANCE PREMIUMS AND POLICY PROCEEDS.** I, where authorized by law, hereby assign to Lender any moneys, not in excess of the unpaid balance of indebtedness which this instrument secures, which may become payable under any insurance I have elected and purchased through Lender in connection with this transaction which protects the loan account or Collateral (including, but not limited to, voluntary credit and personal property insurance), including return of unearned premiums, and direct any insurance company to make payment directly to Lender to be applied to said unpaid indebtedness and I hereby appoint Lender as my attorney-in-fact to endorse any draft, check or other papers necessary to obtain such insurance payments.

**CORRECTION; RELEASE.** During the term of this Agreement, I agree to cooperate with Lender to: (a) correct any clerical errors that were made in connection with loan documents; (b) obtain the correct amounts due to others; and (c) release all liens upon payment in full. Lender may consider any breach of this requirement as an event of default of this Agreement.

**CANCELLATION.** Prior to the distribution of loan proceeds, Lender may withdraw its approval of or commitment to make this loan if Lender reasonably believes that: (a) there are material omissions or misrepresentations in connection with my credit application; (b) there is a material, adverse change in my creditworthiness; (c) there are additional liens on the right, title, or interest of any Collateral to be used for this loan; or (d) a sale or transfer of any right, title, or interest in any Collateral to be used for this loan has or will occur that is not agreed to by Lender.

**SEVERABILITY.** The fact that any provision of this Agreement may prove invalid or unenforceable under any law, rule, or regulation of any federal, state, or local court or governmental entity shall not affect the validity or enforceability of the remaining provisions of this Agreement.

**NO ASSUMPTION.** This Agreement shall not be eligible for assumption by any party without the express written consent of Lender.

UNATG1 (10-14-07) Agreement (5-6)  Page 5  Initials 

one of the following occurs:

A. I fail to make any payment under this Agreement when due.

B. I fail to do anything else I have agreed to do in this Agreement.

C. Any statement or representation I made in my credit application is untrue or incorrect.

D. I fail to provide Lender with proof of employment, residence, insurance, or repair to credit history within three (3) business days after Lender's written request for this information.

E. I die, become incompetent, generally fail to pay my debts as they become due, or become the subject of a voluntary or involuntary bankruptcy proceeding.

F. Any judgment, levy, attachment, writ of garnishment, or other similar order is entered against me or the Collateral.

G. Any police or governmental agency seizes or impounds the Collateral, if the Collateral consists of personal property, or starts forfeiture proceedings against the Collateral.

H. If the Collateral consists of personal property, I relocate to another state without giving written notice at least 30 days before relocating.

I. I sell, lease or otherwise encumber or dispose of the Collateral without Lender's written permission.

J. Any other event or circumstance occurs that reasonably causes Lender to deem itself insecure or to believe that Lender's prospects for payment or realization upon the Collateral are impaired, unless prohibited by state law.

**(For Kansas residents only)**, Lender believes the preceding events would significantly impair the prospect of payment, performance, or realization of Collateral. Except for a default resulting from my failure to make any payment as required by this Agreement, the burden of establishing the prospect of such significant impairment is on the Lender.)

<u>GENERAL REMEDIES.</u> If I am in default on this Agreement, Lender has, subject to any requirements of notice or right to cure or similar provisions, all of the remedies permitted by law and this Agreement, including:

A. Lender may require me to pay Lender immediately, subject to any rebates required by law, the remaining unpaid balance of the Amount Financed, finance charges, and all other agreed charges. These amounts will accrue finance charges from the date I am required to pay Lender at the Contract Rate or lesser rate as required by applicable law, until paid in full.

B. Lender may pay taxes, assessments, or other liens, or make repairs to the Collateral if I have not done so, but Lender is not required to do so. Upon payment by Lender, these amounts will be due immediately and will accrue finance charges from the date paid at the Contract Rate until repaid in full to Lender.

C. If the Collateral consists of personal property, Lender may require me to make the Collateral available to Lender at a place Lender designates that is reasonably convenient to Lender and me.

D. If the Collateral consists of personal property, Lender may immediately immobilize, disable, or take possession of the Collateral by legal process or self help, but in doing so Lender may not breach the peace or unlawfully enter onto my premises. Lender may then sell the Collateral and apply what Lender receives, as provided by law, to Lender's actual and reasonable expenses.

E. Except when prohibited by law, I am responsible for any deficiency if the proceeds from the sale of the Collateral do not cover what I owe Lender, and Lender may sue me for those additional amounts.

F. If the Collateral consists of real property, Lender may begin foreclosure proceedings as described in the mortgage or deed of trust granting Lender a security interest in the Collateral.

G. Lender has the right, but not the obligation, to cancel or request termination of any voluntary credit or personal property insurance in the event of default and I hereby appoint Lender as my attorney-in-fact to cancel any such insurance in the event of default, subject to any applicable restrictions under state law. Return of any unearned premium as a result of such request for termination or cancellation will be credited to my loan account.

H. Lender may accept late payments or partial payments even though marked "Payment in Full" (or similar language) without losing any of its rights under this Agreement, to the extent permitted by law.

By choosing any one or more of these remedies, Lender does not waive its right later to elect another remedy. By deciding not to use any remedy, Lender does not give up its right to consider it an event of default if it happens again. Lender's rights are hereunder cumulative, not exclusive.

I agree that, if any notice is required to be given to me of an intended sale or transfer of the Collateral if it is personal property, notice is reasonable if mailed to my last known address, as reflected in Lender's records, at least ten (10) days before the date of the intended sale or transfer, or such other period of time as is required by law.

I agree that, subject to my right to recover such property, Lender may take possession of personal property left in or on the Collateral securing this Agreement and taken into possession as provided above.

<u>WAIVER.</u> Unless law or this Agreement provide otherwise, I hereby waive presentment, notice and protest, and all other demands and notices in connection with the delivery, acceptance, performance, default, or endorsement of this Agreement and all suretyship defenses generally to the extent permitted by applicable law.

<u>NOTICES.</u> If required by law, Lender will provide me with notices under this Agreement, if mailed, to my last known address as reflected in Lender's records, including, but not limited to, notices of default, right to cure, and purchase of Required Insurance.

<u>DELAY IN ENFORCEMENT.</u> Lender may delay enforcing any of its rights under this Agreement without losing them.

<u>SAVINGS CLAUSE.</u> All agreements between me and Lender are expressly limited so that any interest, finance charges, loan charges, or other fees collected or to be collected from me or any person executing this Agreement shall not exceed, in the aggregate, the highest amount allowed by applicable law. If a law that applies to this Agreement and my loan is finally interpreted so that the interest, finance charges, loan charges, or other fees collected, or to be collected, in connection with this loan exceed the permitted limits, then: (a) any such interest, finance charges, loan charges, or other fees shall be reduced to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded. Lender may choose to make this refund by reducing the Principal, as defined below, that I owe under this Agreement or making a direct payment to me. To the extent permitted by law, my acceptance of any such refund shall constitute a waiver of any right of action I might have arising out of such overcharge.

> The following notice applies if the proceeds of this loan will be applied in whole or substantial part to a purchase of goods from a seller who either refers consumers to the Lender or who is affiliated with the Lender by common control, contract, or business arrangement:
>
> **NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

> I/We acknowledge that my/our monthly scheduled payments under my/our Agreement with Lender <u>do not</u> include payments for property taxes (or special assessments), or premiums for insurance covering the property. There are <u>no</u> <u>escrow or impound accounts</u> under my/our Agreement. Taxes and insurance costs can be substantial.
>
> I/We agree to make required payment(s) to the appropriate taxing authority and/or insurance provider as they are due.

**SEE FOLLOWING PAGE FOR ADDITIONAL INFORMATION**



THIS IS AN EXTENSION OF CREDIT AS DEFINED BY § 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.

Case 22-cv-00101-E Document 1-1 Filed 01/14/22 Page 8 of 39 PageID 18

**NONRECOURSE HOME EQUITY LOAN.** I agree to pay to the order of Lender, Principal, plus interest ("finance charges") on the daily unpaid Principal balance computed at the Contract Rate, in the amounts and on or before the dates set forth in the Payment Schedule in the Truth in Lending Disclosures on page 1 hereof, in substantially equal successive monthly installments, each of which equals or exceeds the amount of accrued interest as of the date of the scheduled installment, plus all other fees, charges, and other amounts due under this Agreement, at Lender's address set forth in this Agreement, unless otherwise notified, until paid in full. If the "Adjustable Rate Loan" box is checked above, the Contract Rate and the monthly payment amounts may change as set forth therein. If I have not purchased credit insurance, all payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) interest; and (c) unpaid Principal. If I have purchased credit insurance that is billed on a monthly basis, all payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) any past due credit insurance premiums that are billed on a monthly basis; (c) any past due loan payments(s); (d) currently due credit insurance premiums that are billed on a monthly basis, and (e) currently due loan payment. When applying payments to past and currently due loan payments, monies will be applied first to accrued interest with the remainder, if any, being applied to unpaid Principal. Because interest on my loan is earned daily, early payments will decrease the amount I owe, and late payments will increase that amount. The Payment Schedule assumes that I will make each payment on the day it is due; therefore, my final payment will be adjusted as appropriate to reflect any variation in the actual dates my payments are received by Lender. If any unpaid amounts remain due to Lender after my final scheduled payment due date, I agree to pay interest on these unpaid amounts, computed at 18% per year, until paid in full. **This Nonrecourse Home Equity Loan is without recourse for personal liability against each owner and the spouse of each owner of the homestead that secures this Agreement, unless the owner or spouse obtained this loan by actual fraud.**

**PRINCIPAL.** Principal is the total of the Amount Financed, plus any Prepaid Finance Charges that I have financed.

**SECURITY.** Notwithstanding anything herein to the contrary, payment hereof is secured only by a Home Equity Deed of Trust on my homestead of even date herewith executed voluntarily and with the consent of each owner and each owner's spouse. The Deed of Trust contains a disclosure that this loan is a loan defined by § 50(a)(6) of Article XVI of the Texas Constitution. If all or any part of my homestead, or any interest in it, is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums due and owing hereunder, unless prohibited by state or federal law. The homestead that secures this Agreement may be foreclosed upon only by a court order. Lender may not accelerate this Agreement because of a decrease in the market value of the homestead or because of my default under other indebtedness not secured by a prior valid encumbrance against the homestead.

**WAIVER OF OTHER SECURITY.** To the extent allowed by law, Lender waives any and all rights of setoff and any and all security interests (including that securing any other debts now or hereafter owed to Lender) in property other than the real estate security described in this Agreement and my Mortgage/Deed of Trust.

**PREPAYMENT.** I may prepay all or any part of my loan at any time. If this loan is not primarily secured by a first priority deed of trust on my home and I prepay this loan in full or the maturity of this loan is accelerated, the amount I owe will be reduced by the unearned Prepaid Finance Charges. The total earned finance charges shall not exceed the allowed finance charges. The allowed finance charges for a loan not primarily secured by a first deed of trust on my home is calculated by applying the maximum annual rate of finance charges authorized by law as of the Date of Agreement (18% per year) to the unpaid balance of Amount Financed for the time actually outstanding, in accordance with applicable law. If this loan is primarily secured by a first priority deed of trust on my home, the Prepaid Finance Charges are fully earned on the Date of Loan and are not refundable.

**REQUIRED PROPERTY INSURANCE. I MAY FURNISH REQUIRED PROPERTY INSURANCE EITHER THROUGH EXISTING POLICIES OF INSURANCE OR BY PURCHASING SUCH INSURANCE THROUGH ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN THE STATE IN WHICH THE COLLATERAL IS LOCATED.**

**LATE CHARGE.** I agree to pay any late charge described in the Truth in Lending Disclosures herein.

**DISHONORED CHECK CHARGE.** If my check or other instrument given to Lender is returned unpaid for any reason, I agree to pay a dishonored check charge of $25.00, or such greater amount allowed by applicable law.

**WAIVER OF NOTICE.** To the extent required by law, I waive my rights to receive from Lender any demand, presentment for payment, grace, notice of dishonor, notice of intention to accelerate, notice of acceleration, notice of protest, and protest. I agree that failure or delay by Lender to exercise its option to accelerate for any default shall not waive its right to do so in the event of my continuing or subsequent default. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of Dishonor" means the right to require Lender to give notice that amounts due have not been paid.

**DEFAULT COSTS.** In the event of default, I agree to pay Lender's (a) court costs, (b) reasonable attorney's fees, provided the attorney is not an employee of Lender, and (c) reasonable costs to realize on any security interest, each if and to the extent permitted by applicable law.

**BORROWER ACKNOWLEDGMENTS.** I acknowledge that:

1. This Agreement has not been closed before the 12th day after the later of (a) the date that I submitted an application to Lender for this loan or (b) the date that Lender gave me a copy of the Notice Concerning Extension of Credit required by § 50(a)(6) of Article XVI of the Texas Constitution.

2. This Agreement has not been closed before the first anniversary of the closing date of any other loan described by § 50(a)(6) of Article XVI of the Texas Constitution secured by my home.

3. This Agreement was closed only at the office of Lender, an attorney at law, or a title company.

4. I have received the Notice Concerning Extensions of Credit Defined by § 50(a)(6) of Article XVI of the Texas Constitution.

5. I have not been required to assign my wages as security for this Agreement.

6. I have not signed a confession of judgment or power of attorney to Lender or to a third person to confess judgment or to appear for me in a judicial proceeding.

7. I have received a copy of all documents signed by the Owner of the property related to this Agreement.

8. I may, within three business days after signing this Agreement, rescind this Agreement without penalty or charge.

9. Lender and I have signed a written acknowledgment as to the fair market value of the homestead property as of the Date of Agreement.

10. The credit extended under this Agreement is not a form of open-end credit that may be debited from time to time or under which credit may be extended from time to time.

11. I did not sign any instrument in connection with this Agreement in which blanks were left to be filled in.

12. This Agreement does not require me or my spouse to pay, in addition to any interest, any fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service this Agreement and the Home Equity Deed of Trust that exceeds in the aggregate, three percent (3%) of the original principal amount of this Agreement.

13. No owner of the homestead securing this Agreement nor I have been required to apply the proceeds of this Agreement to repay another debt except debt secured by the homestead or debt to another lender.

14. If this Agreement refinances a debt secured by a homestead described in § 50(a)(1)-(5) of Article XVI of the Texas Constitution and this Agreement includes the advance of additional funds, then this Agreement complies with § 50(a)(6) of Article XVI of the Texas Constitution or the advance of all the additional funds is for reasonable costs necessary to refinance such debt or for a purpose described by § 50(a)(2), (3), or 5 of Article XVI of the Texas Constitution.

15. If this Agreement refinances a debt secured by a homestead, any portion of which is an extension of credit described by § 50(a)(6) of Article XVI of the Texas Constitution, then this Agreement complies with § 50(a)(6) of Article XVI of the Texas Constitution.

16. The Principal of this Agreement, when added to the aggregate total of the outstanding principal balance of all other indebtedness secured by valid encumbrances of record against the homestead, does not exceed 80% of the fair market value of the homestead on the date herein.

17. The homestead securing this Agreement is not designated for agricultural use as provided by statutes governing property tax, unless such homestead property is used primarily for the production of milk.

18. This Agreement is not secured by any additional real or personal property other than the homestead.

19. This Agreement is the only debt secured by the homestead at the time this Agreement is executed, unless the other debt was made for a purpose described by § 50(a)(1)-(5) of Article XVI of the Texas Constitution.

**PLEASE SEE IMPORTANT INFORMATION ON REVERSE**



connect in my agreements between Lender and me are expressly limited so that any interest, loan charges, or other fees collected or to be collected from me or any person executing the Deed of Trust shall not exceed, in the aggregate, the highest amount allowed by applicable law. Also, all agreements between me and Lender are expressly limited so as not to constitute a waiver by me of any requirements of law that may not be lawfully waived; and each provision of the agreements shall only apply to the extent permitted by applicable law. If a law, which applies to this loan, is finally interpreted so that the interest, loan charges or other fees collected, or to be collected, in connection with this loan exceed the permitted limits, then (a) any such interest, loan charges, or other fees shall be reduced to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund by reducing the Principal I owe under this Agreement or making a direct payment to me. To the extent allowed by law, my acceptance of any such refund shall constitute a waiver of any right of action I might have arising out of such overcharge.

**HOME EQUITY EXTENSION OF CREDIT.** It is Lender's and my express intention to structure this extension of credit to conform to the provisions of Section 50(a)(6), Article XVI of the Texas Constitution. Any promise, payment, obligation, or provision of this Agreement that transcends the limit of validity prescribed by applicable law shall be reduced to the limit of such validity or eliminated as a requirement, and this Agreement shall be automatically reformed without the execution of any new amendment or new document. This paragraph shall supercede any inconsistent provisions of this Agreement, including without limitation, the sections entitled Joint Borrowers, and the phrase "automobiles, all terrain vehicles, snowmobiles, watercraft, other titled vehicles, large equipment and" in the first sentence of Required Insurance paragraph of this Agreement, all of which are hereby deleted from this Agreement.

I cannot be required to apply the proceeds of this loan to a debt, except a debt secured by my home or to a debt to another lender; assign wages as security; execute instruments which contain blanks; or sign a confession of judgment or a power of attorney to another person to confess judgment or appear on my behalf. I will receive a copy of all documents I sign at closing. When my loan is paid in full, Lender will sign and give me a release of lien or an assignment of lien, whichever is appropriate. I may, within 3 business days after closing, rescind this loan without penalty or charge. Lender and I must acknowledge the fair market value of my home on the date the loan closes. To the extent required by law, Lender shall forfeit all Principal and Interest if Lender fails to comply with its obligations hereunder within a reasonable time after I notify Lender of its failure to comply.

**IF I DEFAULT AND THIS LOAN IS SECURED BY A MORTGAGE ON MY HOME, I MAY LOSE MY HOME.**

**FINAL AGREEMENT.** THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN LENDER AND ME, AND, TO THE EXTENT ALLOWED BY LAW, IT MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS BETWEEN LENDER AND ME. THERE ARE NO ORAL AGREEMENTS BETWEEN LENDER AND ME.

**GOVERNING LAW.** The laws of the State of Texas shall govern this Agreement, except as preempted by federal law.

**NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE LOAN REPRESENTED BY THIS AGREEMENT AND DEED OF TRUST IS WITHOUT RECOURSE FOR PERSONAL LIABILITY AGAINST ME OR MY SPOUSE UNLESS I OR MY SPOUSE OBTAINED THE EXTENSION OF CREDIT REPRESENTED BY THIS AGREEMENT AND THE DEED OF TRUST BY ACTUAL FRAUD. THE PROVISIONS OF THIS PARAGRAPH SHALL CONTROL OVER ANY CONFLICTING PROVISIONS IN THIS AGREEMENT AND THE DEED OF TRUST.**

**ENTIRE AGREEMENT.** This Agreement, which includes the Insurance Disclosure Summary, if one was provided to you, contains the entire agreement of the parties with regard to the subject matter hereof, and no party hereto has relied upon any representations except such as are specifically set forth herein. This Agreement cannot be modified in any respect except by an amendment in writing signed by the parties. All notices under this Agreement shall be in writing and directed to the parties at the addresses shown at the beginning of this Agreement or to such other address as a party may specify by notice given in accordance with this paragraph.

> BY SIGNING BELOW, I SIGNIFY THAT I HAVE READ, UNDERSTOOD, AND AGREED TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING THE ARBITRATION AGREEMENT THAT PROVIDES, AMONG OTHER THINGS, THAT EITHER LENDER OR I MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN US BE SUBMITTED TO BINDING ARBITRATION. IF LENDER OR I ELECT TO USE ARBITRATION, WE AGREE THAT WE WILL HAVE THEREBY WAIVED OUR RIGHTS TO TRIAL BY JURY OR JUDGE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THAT THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR, AND THAT THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM, EXCEPT AS OTHERWISE PROVIDED IN THE ARBITRATION AGREEMENT.
>
> UNARBT (8-12-01)

I agree that, on or before the date on page 1 hereof ("the Date of Agreement"), I have received and read a fully completed, legible copy of this Agreement, the Truth in Lending Insurance Disclosures, the Privacy Notice, the Personal Property Appraisal Form (if applicable), and two copies of a Notice of Right to Cancel (if applicable). I also represent that I have entered into this agreement knowingly and voluntarily with the intent to be bound thereby.

American General Financial Services (AGFS)` is licensed and examined by the State of Texas - Office of Consumer Credit Commissioner. Call the Consumer Credit Hotline or write for credit information or assistance with credit problems. Office of Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas, 78705-4207, (800) 538-1579, www.occc.state.tx.us.

I MAY, WITHIN THREE (3) BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.

x_____    x_____ L.S.
Witness                               Borrower    ERNIE D KNOWLES

x_____    x_____ L.S.
Witness                               Co-Borrower

                                      x_____ L.S.
                                      Co-Maker

                                      Print Name: _____

                                      x_____ L.S.
                                      Co-Maker

                                      Print Name: _____

## NOTE ALLONGE

THIS ENDORSEMENT IS INCORPORATED INTO AND SHALL BE DEEMED PART OF THE NOTE TO WHICH IT IS ATTACHED.

| | |
|---|---|
| Borrower 1: | ERNIE D KNOWLES |
| Borrower 2: | |
| Date of Loan: | 6/24/2008 |
| Loan Amount: | $78,050.80 |
| Property Address: | 806 BANDERA |
| City, State, Zip: | GARLAND, TX 75040 |

*Pay to the order of:*

Without recourse

STATE FINANCIAL SERVICES - SPRINGLEAF, INC., D/B/A SPRINGLEAF FINANCIAL SERVICES OF TEXAS, INC. F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC

Stephen L. Day
Vice President

284

6

# EXHIBIT B

ELECTRONICALLY RECORDED   20080228106
DT   5  PGS

GF No. KNO5949 AG-GAR RH ps
Code: 06.23.08

## DEED OF TRUST

THE EXTENSION OF CREDIT SECURED BY THIS DEED OF TRUST IS THE TYPE OF CREDIT DEFINED BY
SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.
KNOW ALL MEN BY THESE PRESENTS:

### NOTICE OF CONFIDENTIALITY RIGHTS:

**IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF
THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN
INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC
RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE
NUMBER.**

T- 3012143

**AMERICAN
GENERAL**
FINANCIAL
SERVICES

THE STATE OF TEXAS          §
COUNTY OF DALLAS            §

That ERNIE D. KNOWLES, a single person, of Dallas County, Texas, hereinafter called Grantors or
Borrowers (whether one or more) for the purpose of securing the indebtedness hereinafter described, and in
consideration of the sum of TEN DOLLARS ($10.00) to us in hand paid by the Trustee hereinafter named, the
receipt of which is hereby acknowledged, and for the further consideration of the uses, purposes and trusts
hereinafter set forth, have granted, sold and conveyed, and by these presents do grant, sell and convey unto
DAVID L. PRITCHARD, Trustee, of Tarrant County, Texas, and his substitutes or successors, all the following
described property situated in Dallas County, Texas, to-wit:

BEING LOT 32, in BLOCK F, NORTHWOOD ESTATES, SECOND INSTALLMENT, an
Addition to the City of Garland, Dallas County, Texas, according to the Map or Plat thereof
recorded in Volume 26, Page 235, Map Records, Dallas County, Texas.

TO HAVE AND TO HOLD the above described property, together with the rights, privileges and
appurtenances thereto belonging unto the said Trustee, and to his substitutes or successors forever. And
Grantors do hereby bind themselves, their heirs, executors, administrators and assigns to warrant and forever
defend the said premises unto the said Trustee, his substitutes or successors and assigns forever, against the
claim, or claims, of all persons claiming or to claim the same or any part thereof.

This conveyance, however, is made in TRUST to secure payment of Borrower's promissory note, which
provides for monthly payments, with the full debt, if not paid earlier, due and payable as therein stipulated, in
the principal sum of SEVENTY EIGHT THOUSAND FIFTY AND 80/100 DOLLARS ($78,050.80) executed
by Grantors, payable to the order of AMERICAN GENERAL FINANCIAL SERVICES, INC., hereinafter
called Beneficiary or Lender, in the City of Garland in Dallas County, Texas, as follows, to-wit:

The principal and all accrued unpaid interest on the Note secured by this Deed of Trust are due
and payable as stipulated in said Note; bearing interest, providing for acceleration of maturity
and for Attorney's fees as therein stipulated.

Should Grantors do and perform all of the covenants and agreements of said promissory note and those
herein contained, and make prompt payment of said indebtedness as the same shall become due and payable,
then this conveyance shall become null and void and of no further force and effect, and shall be released at the
expense of Grantors, by the holder thereof, hereinafter called Beneficiary (whether one or more).

Grantors covenant and agree as follows:

That they are lawfully seized of said property, and have the right to convey the same; that said property
is free from all liens and encumbrances, except as herein provided.

(1-12-98) TX 1611 Texas Deed of Trust for Equity Loans -- Page 1

To protect the title and possession of said property, and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first or second lien on said property including any improvements hereafter made a part of the realty.

To keep the improvements on said property in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

To insure and keep insured all improvements now or hereafter created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of indebtedness hereby secured, to the extent of the original amount of indebtedness hereby secured, or the extent of the full insurable value of said improvements, whichever is the lesser, in such form and with such Insurance Company or Companies as may be approved by Beneficiary, and to deliver to Beneficiary the policies of such insurance having attached to said policies such mortgage indemnity clause as Beneficiary shall direct to deliver renewals of such policies to Beneficiary at least (10) days before any such insurance policies shall expire; any proceeds which Beneficiary may receive under any such policy, or policies, may be applied by Beneficiary, at his option, to reduce the indebtedness hereby secured, whether then matured or to mature in the future, and in such a manner as Beneficiary may elect, or Beneficiary may permit Grantors to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantors shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the priority of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at his option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the priority of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all sums paid for insurance premiums, as aforesaid, including the costs, expenses and Attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall bear interest from the dates of such payments at the rate stated in said note and shall be paid by Grantors to Beneficiary upon demand, at the same place at which said note is payable, and shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of a default in the payment of any installment, principal or interest, of the note hereby secured, in accordance with the terms thereof, or of a breach of Grantor's warranty of title, or of a breach of any of the covenants herein contained to be performed by Grantors, then and in any of such events Beneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, protest or notice (including but not limited to notice of intent to accelerate and notice of acceleration) of any kind, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of default in the payment of said indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust.

It is agreed that a foreclosure hereunder shall be conducted in accordance with the rules of civil procedure for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution as promulgated by the Texas Supreme Court. To the extent that the rules of civil procedure promulgated by the Texas Supreme Court conflict with any provision in this Deed of Trust, the rules of civil procedure will apply.

Beneficiary, if he is the highest bidder, shall have the right to purchase at any sale of the property. Proceeds of the sale will be applied to Grantor's account, but the loan is without recourse for personal liability against Grantor(s) and their spouse unless Grantor(s) or their spouse obtained the extension of credit by actual fraud.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, or a successor trustee, to act instead of the Trustee named herein without other formality than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute and successor trustee shall succeed to all of the rights and powers of the original trustee named herein.

(1-12-98) TX 1611 Texas Deed of Trust for Equity Loans - Page 2

In the event any sale is made of above described property, or any portion thereof, under the terms of this Deed of Trust, Grantors, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchaser at such sale, and in the event of their failure to do so they shall thereupon from and after the making of such sale be and continue as tenants at will of such Purchaser, and in the event of their failure to surrender possession of said property upon demand, the Purchaser, his heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

It is agreed that unless applicable law provides otherwise, all payments received by Beneficiary shall be applied first to any late charges and NSF check charges due under the Note; second, to interest; third, to principal due.

It is agreed that the lien hereby created shall take precedence over and be a prior lien to any other lien of any character, except a first lien, whether vendor's, materialmen's or mechanic's lien hereafter created on the above described property, and in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid.

It is further agreed that if Grantors, their heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described by taken over by a Receiver for Grantors, their heirs or assigns, the note hereinabove described shall, at the option of Beneficiary, immediately become due and payable, and the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

It is agreed that an extension, or extensions, may be made of the time of payment of all, or any part, of the indebtedness secured hereby, and that a part of the above described real property may be released from this lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior encumbrancer, mortgagee or purchaser, or any person acquiring an interest in the property hereby conveyed, or any part thereof; it being the intention of the parties hereto to preserve this lien on the property herein described and all improvements thereon, and that may be hereafter constructed thereon, superior to any liens that may be placed thereon, or that may be fixed, given or imposed by law thereon after the execution of this instrument notwithstanding any such extension of the time of payment, or the release of a portion of said property from this lien.

In the event any portion of the indebtedness hereinabove described cannot be lawfully secured by this Deed of Trust lien on said real property, it is agreed that the first payments made on said indebtedness shall be applied to the discharge of that portion of said indebtedness.

Beneficiary shall be entitled to receive any and all sums which may become payable to Grantors for the condemnation of the hereinabove described real property, or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may awarded or become payable to Grantors for damages caused by public works or construction on or near the said property. All such sums are hereby assigned to Beneficiary, who may, after deducting therefrom all expenses actually incurred, including attorney's fees, release same to Grantors or apply the same to the reduction of the indebtedness hereby secured, whether then matured or to mature in the future, or any money obligation hereunder, as and in such manner as Beneficiary may elect. Beneficiary shall not be, in any event or circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of, any such sums.

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the laws of the State of Texas on the principal indebtedness hereby secured or on any money obligation hereunder and in no event shall Grantors be obligated to pay interest thereon in excess of such rate.

If this Deed of Trust is executed by only one person or by a corporation the plural reference to Grantors shall be held to include the singular, and all of the covenants and agreements herein undertaken to be performed by and the rights conferred upon the respective Grantors named herein shall be joint and several and shall be binding upon and inure to the benefit of not only said parties respectively but also their respective heirs, executors, administrators, grantees, successors and assigns.

It is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Credit Title, the Texas Finance Code and the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, for any circumstance whatsoever, any promise, payment, obligation or provision of the Note, the Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement, if necessary, for compliance with such law, and such document shall be automatically reformed without the necessity of the execution of any new amendment or new document.

(1-12-98) TX 1611 Texas Deed of Trust for Equity Loans - Page 3

Title Data, Inc. SV TDI49395 DA 200800228106.003

Within a reasonable time after termination and full payment of the Extension of Credit, the Lender shall cancel and return the Note to the owner of the Property and give the owner, in recordable form, a release of the lien securing the Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing the Extension of Credit. Owner shall pay only recording costs. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF THE LENDER'S OBLIGATIONS UNDER SECTION 50, ARTICLE XVI OF THE TEXAS CONSTITUTION.**

Borrower shall be given at the time of this Extension of Credit is made, a copy of all documents signed by the Borrower related to the Extension of Credit.

Borrower has not paid any fee not disclosed in the HUD-1 or HUD-1A Settlement Statement.

The Borrower has not assigned wages as security for the Extension of Credit.

Lender and Borrower have executed a written acknowledgment as to the fair market value of Borrower's Property on the date the Extension of Credit is made.

Grantors expressly represent that this Deed of Trust and the Note hereby secured are given for the following purpose, to-wit:

The Note represents funds that Beneficiary has advanced to Grantor on this day at Grantor's request as a direct home equity loan covering the Property and that Grantor acknowledges receiving this extension of credit pursuant to the type of credit defined by Section 50(a)(6), Article XVI of the Texas Constitution.

**YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.**

**DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS EXTENSION OF CREDIT. THIS DOCUMENT MUST BE CLOSED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.**

**ADDITIONAL NOTICE**

The notice above states that your home-equity lender may not require you to apply the loan proceeds to another debt that is not secured by your home. Although the Texas Constitution requires that the notice include this statement, the statement conflicts with another provision of the Texas Constitution. That provision permits your home-equity lender to require you to apply the loan proceeds to a debt to another lender that is not secured by your home. This provision is controlling, and you should disregard the contrary statement in the notice.

EXECUTED this 24th day of June, 2008.

_Ernie D. Knowles_
ERNIE D. KNOWLES, Borrower

Mailing address of Trustee:
Name: DAVID L. PRITCHARD
Address: 1125B Bedford Road, Bedford, Texas 76022

Mailing address of each Beneficiary:
Name: AMERICAN GENERAL FINANCIAL SERVICES, INC.
Address: 1350 Northwest Highway, Suite 119, Garland, Texas 75041

(1-12-98) TX 1611 Texas Deed of Trust for Equity Loans - Page 4

**(Acknowledgment)**

STATE OF TEXAS                    §

COUNTY OF DALLAS              §

This instrument was acknowledged before me on the 24th day of June, 2008, by ERNIE D. KNOWLES.

RAMON E HORTON
NOTARY PUBLIC  STATE OF TEXAS
My Comm. Exp. Sept. 5, 2011

_____
Notary Public, State of Texas
Notary's name (printed):
Notary's commission expires:

AFTER RECORDING RETURN TO:

AMERICAN GENERAL FINANCIAL SERVICES, INC.
1350 Northwest Highway, Suite 119
Garland, Texas 75041

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

(1-12-98) TX 1611 Texas De___   Equity Loan ___   John F. Warren, County Clerk
Dallas County TEXAS
July 11 2008 04 01 PM
FEE: $ 32.00          **20080228106**

Title Data, Inc. SV TDI49395 DA 200800228106.005

# EXHIBIT C

# CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan # 
EDW #

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **STATE FINANCIAL SERVICES - SPRINGLEAF, INC., D/B/A SPRINGLEAF FINANCIAL SERVICES OF TEXAS, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC., WHOSE ADDRESS IS 601 N.W. SECOND St., EVANSVILLE, IN, 47708,(ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to : _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ See Attached Exhibit " A _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Deed of Trust bearing the date 06/24/2008, was executed by **ERNIE D. KNOWLES** and recorded as Instrument # 20080228106, in Book , Page , in the records of Real Property of DALLAS County, Texas.
Recorded on 7-1-2008

BEING LOT 32, IN BLOCK F, NORTHWOOD ESTATES, SECOND INSTALLMENT, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 26, PAGE 235, MAP RECORDS, DALLAS COUNTY, TEXAS.

**IN WITNESS WHEREOF,** this Assignment is executed on 08 / 06 / 2014 (MM/DD/YYYY).
**STATE FINANCIAL SERVICES - SPRINGLEAF, INC., D/B/A SPRINGLEAF FINANCIAL SERVICES OF TEXAS, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC.**



By:
Monte Conrad
VICE PRESIDENT

STATE OF INDIANA    COUNTY OF VANDERBURGH

I, a Notary Public, in and for said County in said State, hereby certify that Monte Conrad whose name as VICE PRESIDENT of STATE FINANCIAL SERVICES - SPRINGLEAF, INC., D/B/A SPRINGLEAF FINANCIAL SERVICES OF TEXAS, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC., is signed to the foregoing instrument or conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she, as such officer and with full authority, executed the same voluntarily for and as the act of said entity. He/she/they is (are) personally known to me. Given under my hand on
08 / 06 / 2014 (MM/DD/YYYY).

Misty Bryant

Notary Public - State of INDIANA
Commission expires:  10-12-2016

**MISTY BRYANT**
Resident of Warrick County, IN
Commission Expires: October 12, 2016
Commission # 595226

**Document Prepared By:** Robert E. Fletcher - c/o NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683
(800)346-9152

~~When Recorded Return To: Springleaf Financial Services, Inc., 601 N.W. Second Street, Evansville, IN 47708~~
SGSAS 23702981 - 2014-NSPA - T3114071809  [PREP 1] FRMTXG1

*D0006965766*

**When Recorded Return To:** 40001
Richmond Monroe Group
PO Box 458
Kimberling City, MO 65686
SPS #

**EXHIBIT A**

Assignee: OneMain Financial Group, LLC

C/O Select Portfolio Servicing, Inc.
3217 S. Decker Lake Drive
Salt Lake City, UT 84119

## Dallas County
## John F. Warren
**Dallas County Clerk**

---

**Instrument Number:** 202100264460

eRecording - Real Property

Recorded On: September 03, 2021 08:41 AM                    Number of Pages: 3

---

**" Examined and Charged as Follows: "**

Total Recording: $30.00

---

**\*\*\*\*\*\*\*\*\*\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\***
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**
Document Number:      202100264460                      Simplifile
Receipt Number:       20210902001306
Recorded Date/Time:   September 03, 2021 08:41 AM
User:                 Isaac M
Station:              CC63

---



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

# EXHIBIT D



**USPS CERTIFIED MAIL**

9214 8901 0764 3211 9186 39

ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040-4514



00244259000537010300



Sign up for paperless delivery
at www.spservicing.com

Paperless

May 24, 2021

ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040-4514

*Sent via certified mail*

<u>**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**</u>

<b>DEMAND LETTER –NOTICE OF DEFAULT<br>NOTICIA DE OMISION</b>

**Account Number:** 
**Property Address:**   806 BANDERA
                        GARLAND TX 75040

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for OneMain Financial Group, LLC, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing OneMain Financial Group, LLC, whose address is:

> OneMain Financial Group, LLC
> C/O Select Portfolio Servicing, Inc.
> 3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent OneMain Financial Group, LLC, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



0017052085

**Action Required to Cure the Default**

To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**

As of the date of this letter, the total amount due and required to cure the default on your loan is $14,368.42 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure Cure Date: June 26, 2021 | |
|---|---|
| Payment due for 02/01/2020 | $14,013.42 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $201.52* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $355.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$14,368.42** |
| Unapplied balance | $0.00 |
| **AMOUNT REQUIRED AS OF May 24, 2021 TO CURE THE DEFAULT** | **$14,368.42** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is June 26, 2021. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**

If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**

As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

## Payment Options
Please provide payments to the following address:

Sent via US Mail to:
**Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**

Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing**
**3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
(a)   Personal check (if foreclosure action has not been initiated)
(b)   Money order
(c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
(d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
(e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spsservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

## Servicemembers Civil Relief Act (SCRA)
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

•   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard), or
•   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
•   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spsservicing.com.  Our representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

USPS CERTIFIED MAIL

9214 8901 0764 3211 9165 36

ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040



00244260000436010300



Sign up for paperless delivery
at www.spservicing.com

Paperless

May 24, 2021


ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040

*Sent via certified mail*

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**DEMAND LETTER –NOTICE OF DEFAULT**
**NOTICIA DE OMISION**

**Account Number:** ▮▮▮▮▮▮▮▮
**Property Address:**   806 BANDERA
                       GARLAND TX 75040

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for OneMain Financial Group, LLC, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing OneMain Financial Group, LLC, whose address is:

> OneMain Financial Group, LLC
> C/O Select Portfolio Servicing, Inc.
> 3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent OneMain Financial Group, LLC, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



0017052085

## Action Required to Cure the Default

To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**

As of the date of this letter, the total amount due and required to cure the default on your loan is $14,368.42 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: June 26, 2021 | |
|---|---:|
| Payment due for 02/01/2020 | $14,013.42 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $201.52* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $355.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$14,368.42** |
| Unapplied balance | $0.00 |
| **AMOUNT REQUIRED AS OF May 24, 2021 TO CURE THE DEFAULT** | **$14,368.42** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is June 26, 2021. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**

If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**

As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:
**Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**

Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing**
**3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
   (a)   Personal check (if foreclosure action has not been initiated)
   (b)   Money order
   (c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
   (d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
   (e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

   •   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard), or
   •   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
   •   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sign up for paperless delivery
at www.spservicing.com

Paperless

May 24, 2021

ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040-4514

*Sent via certified mail*

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**DEMAND LETTER –NOTICE OF DEFAULT**
**NOTICIA DE OMISION**

**Account Number:** 
**Property Address:**    806 BANDERA
                         GARLAND TX 75040

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for OneMain Financial Group, LLC, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing OneMain Financial Group, LLC, whose address is:

> OneMain Financial Group, LLC
> C/O Select Portfolio Servicing, Inc.
> 3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent OneMain Financial Group, LLC, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $14,368.42 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: June 26, 2021 | |
|---|---:|
| Payment due for 02/01/2020 | $14,013.42 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $201.52* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $355.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$14,368.42** |
| Unapplied balance | $0.00 |
| **AMOUNT REQUIRED AS OF May 24, 2021 TO CURE THE DEFAULT** | **$14,368.42** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is June 26, 2021. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**
If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**
As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:
**Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**

Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**
**Attn: Remittance Processing**
**3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
    (a)   Personal check (if foreclosure action has not been initiated)
    (b)   Money order
    (c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
    (d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
    (e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

    •   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard), or
    •   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
    •   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**



Sign up for paperless delivery
at www.spservicing.com

Paperless

May 24, 2021

ESTATE OF ERNIE D KNOWLES
806 BANDERA
GARLAND, TX 75040

*Sent via certified mail*

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**DEMAND LETTER –NOTICE OF DEFAULT**
**NOTICIA DE OMISION**

**Account Number:** 
**Property Address:**   806 BANDERA
                        GARLAND TX 75040

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for OneMain Financial Group, LLC, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing OneMain Financial Group, LLC, whose address is:

> OneMain Financial Group, LLC
> C/O Select Portfolio Servicing, Inc.
> 3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent OneMain Financial Group, LLC, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



## Action Required to Cure the Default

To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

## Amount Required to Cure the Payment Default

As of the date of this letter, the total amount due and required to cure the default on your loan is $14,368.42 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: June 26, 2021 | |
|---|---:|
| Payment due for 02/01/2020 | $14,013.42 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $201.52* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $355.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$14,368.42** |
| Unapplied balance | $0.00 |
| **AMOUNT REQUIRED AS OF May 24, 2021 TO CURE THE DEFAULT** | **$14,368.42** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is June 26, 2021. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

## Possible Consequences of Default

If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

## Your Rights

As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:                          Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**          **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**  **Attn: Remittance Processing**
                                              **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
(a)   Personal check (if foreclosure action has not been initiated)
(b)   Money order
(c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
(d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
(e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

•   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard), or
•   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
•   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.  For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**
